MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EL SHADDAI CHRISTIAN CHURCH
and DANIELA GONZALEZ,                             :

        Plaintiffs,                              :
                                                              ANSWER
            - v. -                                    :

                                                          07 Civ. 11603 (SAS)
UNITED STATES DEPARTMENT                          :
OF HOMELAND SECURITY;                                                FILED ELECTRONICALLY
CITIZENSHIP AND IMMIGRATION SERVICE,   :
and ROBERT P. WIEMANN, CHIEF,
ADMINISTRATIVE APPEALS OFFICE,          :

        Defendants.                              :
---------------------------------------------------------------x

      Defendants United States Department of Homeland Security; United States Citizenship and Immigration Services ("CIS"); and Robert P. Wiemann, Chief of CIS's Administrative Appeals Office (collectively, "defendants" or "Government"), hereby answer the complaint of plaintiffs El Shaddai Christian Church ("Church") and Daniela Gonzalez ("Gonzalez") (collectively, "plaintiffs") upon information and belief, as follows:

      1.    Deny the allegation in paragraph 1 of the complaint that "plaintiffs" submitted a petition to the CIS; admit that on or about January 12, 2006, the Church submitted to the CIS's Vermont Service Center a petition on behalf of Gonzalez, to have her classified as a special immigrant religious worker for immigration purposes ("Form I-360 petition") pursuant to §

203(b)(4) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1153(b)(4); neither admit nor deny the remaining allegations in paragraph 1 because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 1 for accurate statements of their provisions.

2. Admit the allegations in paragraph 2.

3. Deny the allegations in paragraph 3; except admit that the Church submitted a response to CIS's request for evidence on or about May 15, 2006, and that that response included a statement from Reverend Harold O. Garcia; and respectfully refer the Court to the Church's response to CIS, referred to in paragraph 3, for a true and accurate statement of its contents.

4. Deny the allegations in paragraph 4; except admit that on or about July 17, 2006, CIS issued an initial decision ("July 17, 2006 decision") denying the Church's Form I-360 petition on Gonzalez's behalf; and respectfully refer the Court to the July 17, 2006 decision, referred to in paragraph 4 and annexed to the complaint as Exhibit A, for a true and accurate statement of its contents.

5. Admit that on or about August 17, 2006, the Church submitted a timely administrative appeal of CIS's July 17, 2006 decision to CIS's Administrative Appeals Office; and respectfully refer the Court to the Church's administrative notice of appeal and documents annexed thereto, referred to in paragraph 5, for true and accurate statements of their contents.

6. Admit the allegations in paragraph 6; and respectfully refer the Court to the June 13, 2007 decision of CIS's Administrative Appeals Office's ("June 13, 2007 decision") dismissing the Church's administrative appeal and confirming CIS's initial denial of the Church's Form I-360

petition on Gonzalez's behalf; and respectfully refer the Court to the June 13, 2007 decision, referred to in paragraph 6 and annexed to the complaint as Exhibit B, for a true and accurate statement of its contents.

7.      Deny the allegations in paragraph 7 that CIS engaged in any "unlawful action" with respect to the Church's Form I-360 petition on Gonzalez's behalf, or that CIS's decisions were based on "unclear reasoning," "ignored evidence," or "misstat[ed evidence"; neither admit nor deny the remaining allegations because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the July 17, 2006 and June 13, 2007 decisions for true and accurate statements of their contents.

8.      Neither admit nor deny the allegations in paragraph 8 because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required.

9.      Deny the allegations in paragraph 9; and respectfully refer the Court to the INA, cited in paragraph 9, for an accurate statement of its provisions.

10.     Neither admit nor deny the allegations in paragraph 10 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 10 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 10 is required, defendants deny the allegations.

11.     Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11 regarding plaintiffs' place of residence; neither admit nor deny the remaining allegations in paragraph 11 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 11 for an

accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 11 is required, defendants deny the allegations.

12. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13[1] regarding plaintiffs' place of residence; admit the remaining allegations in paragraph 13; and respectfully refer the Court to the statute cited in paragraph 13 for an accurate statement of its provisions.

13. Admit the allegations in paragraph 14; and respectfully refer the Court to the INA, cited in paragraph 14, for an accurate statement of its provisions.

14. Admit the allegations in paragraph 15; and respectfully refer the Court to the INA, cited in paragraph 15, for an accurate statement of its provisions.

15. Admit the allegation in paragraph 16 that Robert P. Wiemann is Chief of CIS's Administrative Appeals Office; and neither admit nor deny the remaining allegations in paragraph 16 because they constitute conclusions of law, to which no response is required.

16. In response to paragraph 17, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 16 of the complaint.

17. In response to the allegations in paragraph 18, defendants respectfully refer the Court to the June 13, 2007 decision, referred to in paragraph 18 and annexed to the complaint as Exhibit B, for a true and accurate statement of its contents.

18. Denies the allegations in paragraph 19 that CIS's actions with respect to the Church's Form I-360 petition have been "unlawful" and that Gonzalez is "now out of status" as a result of CIS decisions; neither admits nor denies the remaining allegations in paragraph 19 because they

---

[1] The complaint contains no paragraph numbered "12."

constitute conclusions of law or plaintiffs' speculations, to which no response is required; and aver that Gonzalez was unlawfully present in the United States prior to the Church's filing of the Form I-360 petition on her behalf and CIS's denial of that petition, and is the subject of an administrative proceeding to remove her from the United States. To the extent that a further response to the allegations in paragraph 19 is required, defendants deny the allegations.

19. In response to paragraph 20, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 19 of the complaint.

20. Neither admit nor deny the allegations in paragraph 21 because they constitute plaintiffs' prayer for relief and/or conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 21 is required, defendants deny the allegations.

## AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are unripe for review.

## AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to exhaust available administrative remedies.

## AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs have failed to show they are owed a peremptory duty that defendants have refused to perform.

## AS AND FOR A SIXTH DEFENSE

Venue is improper in this District.

## AS AND FOR A SEVENTH DEFENSE

Gonzalez lacks standing to bring any challenge respecting the Church's Form I-360 petition.

## AS AND FOR AN EIGHTH DEFENSE

Gonzalez is not eligible for classification as a special immigrant religious worker because she is the subject of an administrative proceeding to remove her from the United States

## AS AND FOR A NINTH DEFENSE

The administrative decisions issued by the CIS on July 16, 2006, and, upon further review, on June 13, 2007, denying the Church's Form I-360 petition on Gonzalez's behalf, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the CIS's broad discretion in naturalization matters.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
February 11, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendants

By: /s/
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, Room 410
    New York, New York  10007
    Tel. No.:  (212) 637-2728
    james.loprest@usdoj.gov

TO:    DOUGLAS U. ROSENTHAL, ESQ.
        Attorney for Plaintiffs
        350 Broadway, Suite 214
        New York, NY  10013